[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 21-10106
Non-Argument Calendar

_____

D.C. Docket No. 1:18-cv-04656-SDG

TRACY NIX,

Plaintiff-Appellant,

versus

ADVANCED UROLOGY INSTITUTE
OF GEORGIA, PC,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(August 17, 2021)

Before NEWSOM, BRASHER, and ANDERSON, Circuit Judges.

PER CURIAM:

Tracy Nix appeals the district court's grant of summary judgment in favor of

Advanced Urology Institute of Georgia on her discrimination claims. Nix argues that

she raised a genuine issue of material fact that Advanced Urology intentionally discriminated against her because of her disability. Nix also argues that even in the absence of intentional discrimination, she is entitled to a jury trial to determine nominal damages. Upon careful consideration, we affirm.

## I. BACKGROUND

Tracy Nix has been deaf from birth. She communicates primarily through her native language, American Sign Language, and she reads and writes in English at a high school level. Advanced Urology is a medical practice specializing in urology with a location in Snellville, Georgia. Nix's family doctor referred Nix to Advanced Urology after he discovered traces of blood in her urine. Nix used Sorenson Video Relay Service to contact Advanced Urology and schedule an appointment. During the call, Advanced Urology employee Jennifer Lane told Nix that her condition was urgent and offered her an appointment for two days later. Nix did not request an interpreter during that conversation, and by the time she attempted to call back, the office was closed for the day. She called again the next morning to inform the office that she would need an interpreter at her appointment. Missy Sherling, Vice President of Clinical Strategy, called Nix back a few hours later to inform her that Advanced Urology had found an interpreter. Sherling informed Nix that the interpreter would be male and characterized him as "certified."

2

The person Advanced Urology hired to interpret for Nix's appointment was 23-year-old Dalton Belew. Belew has never been certified in American Sign Language interpretation, and his only sign language experience comes from three years of high school classes. Belew has never worked as a formal interpreter before, and he described his skills as "intermediate." Advanced Urology hired Belew after a call center employee named Samantha Fazzolare mentioned that she had a friend who knew ASL.

At her appointment, Nix quickly realized that Belew was unsuited to interpret for her. Nix had severe difficulty communicating with him because of his low skill level in ASL. She began to believe Belew was a nurse instead of an interpreter because he was wearing Advanced Urology scrubs. Eventually, Nix resorted to writing on a piece of paper back and forth to communicate with the doctor and staff.

Nix later sued Advanced Urology in the United States District Court for the Northern District of Georgia. She argued that Advanced Urology intentionally discriminated against her in violation of the Rehabilitation Act, 29 U.S.C. 794, and the Patient Protection and Affordable Care Act, 42 U.S.C. 18116. Nix sought injunctive relief and monetary damages, including nominal damages, but withdrew her injunctive relief claims. Both parties moved for summary judgment, and the district court granted Advanced Urology's motion on all of Nix's claims.

3

## II. STANDARD OF REVIEW

We review cross-motions for summary judgment *de novo* and view the facts in the light most favorable to the non-movant on each motion. *Greater Birmingham Ministries v. Sec'y of State for State of Alabama*, 992 F.3d 1299, 1317 (11th Cir. 2021). "Summary judgment is appropriate 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* (quoting Fed. R. Civ. P. 56(a)).

## III. DISCUSSION

Nix argues that she can recover compensatory damages for emotional distress because Advanced Urology discriminated against her with deliberate indifference to her disability. She also argues that even in the absence of intentional discrimination, she can recover nominal damages because Advanced Urology violated her civil rights. We address each argument in turn.

First, we evaluate Nix's claims for compensatory damages under the ACA and the Rehabilitation Act by the same standard. To recover damages under § 504 of the Rehabilitation Act, Nix must prove (1) that Advanced Urology violated her rights under § 504 and (2) that it did so intentionally. *See Liese v. Indian River Cnty. Hosp. Dist.*, 701 F.3d 334, 342 (11th Cir. 2012). Section 504 of the Rehabilitation Act prohibits discrimination because of a patient's disability by programs or

4

activities that receive federal financial assistance.[1] 29 U.S.C. § 794(a). The ACA prohibits discrimination on the same grounds as the Rehabilitation Act and incorporates its "enforcement mechanisms." 42 U.S.C. § 18116(a). To avoid discriminating against patients with disabilities, hospitals "shall furnish appropriate auxiliary aids and services where necessary to ensure effective communication with" those patients. 28 C.F.R. § 36.303.

We assume without deciding that Advanced Urology violated Nix's right to effective communication under both the ACA and the Rehabilitation Act. Nonetheless, to pursue compensatory damages, Nix must identify evidence in the record that would allow a reasonable jury to find that Advanced Urology *intentionally* discriminated against her. *See Todd v. Fayette Cnty. Sch. Dist.*, 998 F.3d 1203, 1214 (11th Cir. 2021).

A patient may prove the intentional discrimination element of a Rehabilitation Act claim by demonstrating deliberate indifference to her statutory rights. *Liese*, 701 F.3d at 345. A public entity is deliberately indifferent if one of its officials "knew that harm to a federally protected right"—here, Nix's right to effective communication—"was substantially likely and failed to act on that likelihood." *Liese*. *Id.* at 344 (polished) (quoting *T.W. ex rel. Wilson v. Sch. Bd. Of Seminole Cnty., Fla.*, 610 F.3d 588, 604 (11th Cir. 2010)). This "exacting standard" requires

---

[1] It is undisputed that Advanced Urology receives federal financial assistance.

Nix to show more than gross negligence. *See McCullum v. Orlando Reg'l Healthcare Sys., Inc.*, 768 F.3d 1135, 1147 (11th Cir. 2014) (quoting *Doe v. Sch. Bd. of Broward Cnty.*, 604 F.3d 1248, 1259 (11th Cir. 2010)).

Nix argues that Advanced Urology knew a violation of her rights was substantially likely to occur when Sherling hired Belew. We disagree. The most that Nix has established is negligence in selecting an interpreter, not deliberate indifference to Nix's rights. Nix points out that Sherling hired Belew as an interpreter even though he told her that he had developed his skills, which he described as "intermediate," from high school classes. But Sherling testified that she nevertheless believed Belew was a qualified interpreter. Sherling also testified that Fazzolare informed her that Belew was qualified.[2] In other words, upon learning that Nix needed a sign-language interpreter for an expedited doctor's visit, Advanced Urology attempted to provide one. The interpreter was ultimately unsuccessful. But this sequence of events does not suggest deliberate indifference to Nix's rights.

This Circuit's disability discrimination precedents illustrate the point. In *McCullum*, a deaf patient sued a hospital after it failed to provide him with a qualified interpreter and instead used "some sign language" and written notes to communicate with him. 768 F.3d at 1138, 1148. This Court affirmed summary

---

[2] Nix challenges this statement as hearsay. But the relevance of Sherling's testimony lies in her state of mind regarding Belew's qualification, not in the substance of her conversation with Fazzolare. *See* Fed. R. Evid. 803(3).

judgment on deliberate indifference because no hospital staff member ever made a "deliberate choice" not to provide the patient with an interpreter. *Id.* at 1148. In contrast, in *Liese*, we held that the record supported a finding of deliberate indifference when a doctor (1) knew a deaf patient had difficulty reading lips, (2) mocked her condition with exaggerated facial expressions, and (3) ignored her request for an interpreter. *Liese*, 701 F.3d at 351. Similarly, in *Crane,* a patient presented sufficient evidence of deliberate indifference to withstand summary judgment when he was not provided an interpreter despite "repeatedly ask[ing] for [one] throughout his entire hospital stay." *Crane v. Lifemark Hosps., Inc.*, 898 F.3d 1130, 1133, 1136 (11th Cir. 2018). Because Advanced Urology did not ignore Nix's request for an interpreter, this case is much more like *McCullum* than *Liese* or *Crane*. Accordingly, Nix cannot recover compensatory damages.

Next, Nix argues that she is entitled to a jury trial on nominal damages even in the absence of intentional discrimination. She argues that any person who suffers a civil rights violation is automatically entitled to nominal damages. To support her argument, Nix quotes the Second Circuit: "a plaintiff who has proven a civil rights violation, but has not proven actual compensable injury, is entitled as a matter of law to an award of nominal damages." *Tolbert v. Queens College*, 242 F.3d 58, 74 (2d Cir. 2001). But context matters. The court in *Tolbert* was reinstating the verdict of a jury that had *already* found intentional discrimination. *Id.* at 67, 78. Next, Nix points

7

to the Fourth Circuit for the proposition that if a civil rights plaintiff fails to prove compensatory damages, nominal damages are appropriate. *Park v. Shiflett*, 250 F.3d 843, 854 (4th Cir. 2001). Nix misconstrues the holding of that case as well. Park had proven a 42 U.S.C. § 1983 excessive force claim in full but had failed to prove any monetary damages, *id.* at 851-53, whereas Nix cannot prove a necessary element of her civil rights claim—intentional discrimination. Unlike in the authorities she cites, Nix's cause of action distinguishes between injunctive and monetary relief based on whether the plaintiff proves intentional discrimination. Because Nix cannot prove deliberate indifference, she cannot recover any monetary damages—either compensatory or nominal.

## IV. CONCLUSION

For the foregoing reasons, we **AFFIRM** the district court's grant of summary judgment.

8